

# Fourth Court of Appeals
## San Antonio, Texas

December 12, 2016

No. 04-16-00613-CR

Victor Leonel **RODRIGUEZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2015CRS001361 D2
Honorable Monica Z. Notzon, Judge Presiding

# O R D E R

On October 20, 2016, the court reporter responsible for preparing the reporter's record in this appeal filed a notification of late record stating the reporter's record had not been filed because appellant: (1) had failed to pay or make arrangements to pay the reporter's fee for preparing the record and appellant is not entitled to appeal without paying the fee; and (2) had failed to request the record in writing. By order dated October 21, 2016, appellant was ordered to provide written proof to this court by October 31, 2016 that (1) the appellant had requested the court reporter to prepare the reporter's record, which request must designate the portions of the proceedings and the exhibits to be included, *see* TEX. R. APP. P. 34.6(b)(1); and (2) either (a) the reporter's fee had been paid or arrangements have been made to pay the reporter's fee; or (b) appellant is entitled to appeal without paying the reporter's fee. The order stated that if appellant failed to respond within the time provided, appellant's brief would be due by November 21, 2016, and the court would consider only those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

Appellant did not respond to our prior order and has not filed his brief. On November 28, 2016, this court ordered appellant's attorney to provide this court with a written, reasonable explanation for his failure to timely file the brief and the steps being taken to remedy the deficiency by December 8, 2016. The order stated if appellant's attorney failed to file an adequate response by December 8, 2016, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions are appropriate. TEX. R. APP. P. 38.8(b)(2).

Pursuant to rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has appointed or retained counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than January 9, 2017, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.

Sandee Bryan Marion, Chief Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of December, 2016.

Keith E. Hottle
Clerk of Court